IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:10-CR-00015-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FREEDMAN FARMS, INC.; and | ) | ORDER |
| WILLIAM BARRY FREEDMAN, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the court upon motion to continue hearing filed this date on behalf of the individual defendant and his wife, Lisa Freedman (hereinafter sometimes "the Freedmans"). The court earlier today provided notice of hearing tomorrow on the government's emergency motion to compel (DE # 255), with reference to certain discovery sought in aid of execution and, it would appear, in defense against that motion lodged on the docket at entry number 217.

Counsel for the Freedmans presents today conflict arising in association with his representation of another client in a case before this court, where mediation is set to commence tomorrow morning. His response just filed also highlights the premature nature of certain of the government's filings related to a past-due partial restitution payment. Good cause having been shown, over the government's objection, the court continues hearing on the emergency motion to compel (DE # 255), until 10:00 a.m. on March 15, 2013, at New Bern, North Carolina. At that time, the court also will consider the motions to quash (DE ## 247, 249, 250).

The court turns its attention to that motion filed December 21, 2012 (DE # 217), wherein the individual defendant complained of actions taken by the government in contravention of the terms of the plea agreement, and also urged that the court dispense with the six month term of imprisonment

and substitute for that a probationary term. Defendant wrote, too, through counsel, of a material change in his economic situation "that might affect the Defendant's ability to pay restitution..."

In its responses, the government presents that the change in situation, if any, is related to a decision to purchase another farm. The government also presents actions taken after entry into the plea agreements as comporting with its obligations thereunder.

The court, having carefully considered the issues raised with respect to the underlying motion filed last year, now dispenses with hearing on that motion (DE # 217). The individual defendant's request for relief in the form of a probationary sentence is without support in fact or law. As such, the motion is DENIED. **Defendant shall report to the Office of the United States Marshal located in the New Bern Courthouse, 413 Middle Street, New Bern, North Carolina at 9:30 a.m. on Friday, March 15, 2013, to be taken into custody and begin that sentence previously imposed in accordance with the Amended Judgment (DE # 206). Defendant shall remain on courthouse premises through hearing that day to attend same.**

The government's motions for order to show cause (DE ## 232, 235) are DENIED as moot. Its motions for surcharge (DE ## 233, 236) are DENIED without prejudice as untimely. The applications for writs of garnishment are DENIED without prejudice, for failure to comply with requirements of 28 U.S.C. § 3205. The clerk shall provide a courtesy copy of this order to the United States Marshal. Finally, the government is directed to filed a reply to the response in opposition made mention of (DE # 264) on or before the close of business Tuesday, March 12, 2013.

SO ORDERED, this the 7th day of March, 2013.

LOUISE W. FLANAGAN
United States District Judge